
EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
MIEKE B. TARWATER (Cal. Bar No. 228828)
Assistant United States Attorney
Terrorism and Export Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0687
     Facsimile: (213) 894-7631
     E-mail:    mieke.tarwater@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MARIYA CHERNYKH, <br> TATIANA FAROOK, and <br> SYED RAHEEL FAROOK, <br><br> Defendants. | No. ED CR 16-292-JGB <br><br> STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> <br><br> **CURRENT TRIAL DATE: June 21, 2016** <br><br> **[PROPOSED] TRIAL DATE: November 8, 2016** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jay H. Robinson, Melanie Sartoris, and Mieke B. Tarwater, and defendants Mariya Chernykh, Tatiana Farook, and Syed Raheel Farook ("defendants"), by

///

///

///

and through their counsel of record, David Kaloyanides, Esq., Dyke Huish, Esq., and Ron Cordova, Esq., respectively, hereby stipulate as follows:

1. The Indictment in this case was made public on April 28, 2016. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on April 28, 2016. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before July 7, 2016.

2. On April 28, 2016, the Court set a trial date of June 21, 2016, and a status conference date of June 6, 2016.

3. Defendant CHERNYKH was released on bond pending trial in this matter but, following her release, was taken into the custody of the Department of Homeland Security, Immigration and Customs Enforcement. Defendants TATIANA FAROOK and SYED RAHEEL FAROOK are released on bond pending trial. The parties estimate that the trial in this matter will last approximately 6-8 days. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendants move to continue the trial date to November 8, 2016 at 9 a.m. and the status conference to October 31, 2016 at 10 a.m. This is the first request for a continuance.

5. Defendants requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are charged with a violation of 18 U.S.C. § 371: Conspiracy. In addition, defendant CHERNYKH is charged with violations of 18 U.S.C. § 1546: Fraud and Misuse of Visas, Permits, and Other Documents; 18 U.S.C. § 1621: Perjury; and 18 U.S.C.

§ 1001(a)(2): Material False Statements.  This case involves a large amount of discovery, which the government estimates to include thousands of pages of reports of investigation and other documents, and hundreds of hours of audio and/or video recordings constituting at least 4 terabytes of data.  The parties continue to meet and confer about discovery, and are negotiating a stipulation to request a protective order concerning discovery produced in this matter.

      b.   Defense counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

      c.   In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d.   Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

      e.   The government does not object to the continuance.

      f.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

1  part of the attorney for the Government to obtain available
2  witnesses.
3      6.   For purposes of computing the date under the Speedy Trial
4  Act by which defendant's trial must commence, the parties agree that
5  the time period of June 21, 2016 to November 8, 2016, inclusive,
6  should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
7  (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a
8  continuance granted by the Court at defendant's request, without
9  government objection, on the basis of the Court's finding that: (i)
10 the ends of justice served by the continuance outweigh the best
11 interest of the public and defendant in a speedy trial; (ii) failure
12 to grant the continuance would be likely to make a continuation of
13 the proceeding impossible, or result in a miscarriage of justice; and
14 (iii) failure to grant the continuance would unreasonably deny
15 defendant continuity of counsel and would deny defense counsel the
16 reasonable time necessary for effective preparation, taking into
17 account the exercise of due diligence.
18     7.   Nothing in this stipulation shall preclude a finding that
19 other provisions of the Speedy Trial Act dictate that additional time
20 ///
21 ///
22 ///

periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

   IT IS SO STIPULATED.

Dated: June 1, 2016          Respectfully submitted,

                              EILEEN M. DECKER
                              United States Attorney

                              PATRICIA A. DONAHUE
                              Assistant United States Attorney
                              Chief, Criminal Division


                               /s/ Mieke B. Tarwater
                              JAY H. ROBINSON
                              MELANIE SARTORIS
                              MIEKE B. TARWATER
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA


     I am Defendant CHERNYKH's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up
///
///
///

the right to be brought to trial earlier than November 8, 2016 is an informed and voluntary one.

*/s/ by electronic authorization*            June 1, 2016
DAVID KALOYANIDES                            Date
Attorney for Defendant
MARIYA CHERNYKH

   I am Defendant TATIANA FAROOK's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than November 8, 2016 is an informed and voluntary one.

*/s/ by electronic authorization*            May 26, 2016
DYKE HUISH                                   Date
Attorney for Defendant
TATIANA FAROOK

   I am Defendant SYED RAHEEL FAROOK's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than November 8, 2016 is an informed and voluntary one.

*/s/ by electronic authorization*            June 1, 2016
RON CORDOVA                                  Date
Attorney for Defendant
SYED RAHEEL FAROOK